PER CURIAM:
Plaintiff, pro se, filed his petition with the court on October 7, 1981, in response to which defendant filed a motion to dismiss. Plaintiff filed a "Motion for a More Definite Statement” on January 19, 1982, followed by "Plaintiffs Cross-Dispositive Motion,” filed on February 19, 1982, to which defendant has responded. Plaintiffs filing of February 19, 1982, includes amendments to his petition. The amended petition ranges through 22 counts, including an alleged improper induction into the United States military, alleged violations of the first, fourth, fifth, and eighth amendments to the Constitution, and alleged numerous tortious acts by defendant. Defendant argues that plaintiffs petition should be dismissed because plaintiffs claims are either (1) outside the court’s jurisdiction or (2) barred by our statute of limitations, 28 U.S.C. §2501 (1976). Regardless of how we treat plaintiffs submissions, either as motions or amendments, we are compelled to agree with defendant and, therefore, dismiss the petition.
The bulk of plaintiffs claims involve alleged fifth amendment takings by defendant of plaintiffs property. The property involved appears to be data that plaintiff developed between 1959 and September 1975 for certain Government contractors. The statute of limitations for filing a petition in this court is 6 years. Plaintiff makes vague claims about being impaired by a legal disability which would suspend the statute; however, plaintiff does not *963 specify any disability which would cause such a suspension. (Likewise Rule 36 is not applicable.) Accordingly, counts 2 through 20 are barred by the statute of limitations. Furthermore, since count 1, plaintiffs claim that he was improperly inducted into the military, arose in 1952, and count 21, plaintiffs claim that defendant induced plaintiff to accept excess welfare, arose between December 1974 and March 1975, they are also barred.
In count 22, plaintiff claims that defendant has "since in or about August 1972” engaged in acts which violate the first amendment. The first amendment does not in itself obligate the United States to pay monetary damages; therefore, we have no jurisdiction over such claims. Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 372 F.2d 1002 (1967).
it is therefore ordered, upon consideration of the pleadings and submissions, without hearing oral argument, that plaintiffs motions are denied, defendant’s motion to dismiss is granted, and the petition is dismissed for failure to state a claim upon which relief can be granted by this court.